MAYBERRY *versus* MORSE.
SAME *versus* SAME.
MAYBERRY *versus* SAME & al.

More than one suit, where the parties are not the same, cannot be heard and examined in one bill of exceptions.

After a report of referees has been accepted, and before judgment, the presiding Judge, for good cause, has power to order the re-commitment of the report to the same referees.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. REPORT OF REFEREES.

Two of these cases, viz. William Mayberry *v.* Benjamin

Morse, and Stephen P. Mayberry v. Benj. Morse & al., were referred under a rule of Court to the same referees. The other case of William Mayberry v. Benjamin Morse, was a submission entered into before a justice of the peace and before the same referees.

When the reports were presented for acceptance, the defendant, Morse, moved for a recommitment of the first two reports, and that the third be continued to await their result, upon certain evidence by him introduced of one of the referees.

After hearing the testimony, the Judge ordered the reports in each case to be accepted.

On a subsequent day of the same term, the defendant, Morse, moved for a new trial, on the ground of newly discovered evidence, which was set out in the motion; but the Judge declined to hear the evidence, and ruled that the motion did not lie, to which ruling and order the defendant excepted.

*Shepley & Dana*, in support of the exceptions.

*Clifford*, contra.

The opinion of the Court was drawn up by

APPLETON, J. — It was held in *Codman* v. *Strout*, 22 Maine, 292, not to be competent to blend two suits, where the parties are different, in one bill of exceptions, and thus bring them before the Court for determination. Each party aggrieved by any adjudication should file his several exceptions, and thus obtain the redress of his several grievances. The exceptions therefore must be regarded as having been improperly allowed.

As the questions here presented are of importance in practice, and may occasionally occur, it has been deemed expedient briefly to present our views of the law relating thereto.

Referees selected by the parties are final judges of the law and the fact. The Court can properly interfere with

their award, when corruption, gross partiality or evident excess of power is shown.

By our practice, judgment is ordinarily entered up as of the last day of the term, though a special judgment for cause shown, may be had at any time previous. Until the final disposition of an action by the rendition of judgment, it is within the control and subject to the order of the Court. The acceptance of the report of referees no more precludes the further action of the Court for sufficient cause, than does the recording the verdict of the jury upon its docket. After the acceptance of a report there may exist good reasons for its recommitment. If they exist and are disclosed to the Court, the presiding Justice has power to order a reinvestigation of the case before the same referees. The same causes which would suffice for the ordering of a new trial, might ordinarily require a recommitment. When such is the case, no reason is perceived why a party should be left to his petition for review, as the only effect of such a course of procedure would be to prolong litigation. If either party, therefore, after a report has been accepted, *should for new reasons and on the ground of facts before* unknown, move a recommitment, it is the duty of the presiding justice to hear any pertinent evidence relating thereto, which may be offered, and then to determine as in his judgment the legal rights of the party may require. There is no rule of law which prevents his hearing the motion, receiving the evidence and adjudicating thereupon.

*Exceptions dismissed.*