Judge v. Leclaire.

JUDGE, Appellant, v. LECLAIRE, Respondent.

31 127
38a 462

31 127
46a 631

31 127
57a 414

1. Where a contract is by parol, it is the province of the jury to ascertain its terms; the determination of the legal effect of such contract, when its terms and their meaning are ascertained and fixed by the jury, is for the court.

*Appeal from St. Charles Circuit Court.*

It is deemed unnecessary to set forth the facts more fully than they appear in the opinion of the court.

*Lewis & Alexander,* for appellant.

*Hinman,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was an action of replevin for a horse. On the evidence in the record (it being all oral) as to the contract between the parties to the sale, the court should have instructed the jury that it was their province to ascertain what was the contract between them. If it was the intention that the property in the horse should pass presently, and afterwards a note with security was to be given for the price, they would find for the defendant; but if they believe that it was the intention of the parties that the property in the horse should should not pass until a note with security was given, they would find for the plaintiff. The law is well settled that where the terms of a contract are to be ascertained from the oral evidence of witnesses, it is the province of the jury to determine from the evidence what is the contract. (Islay v. Stewart, 4 Dev. & Bat. 160.)

The evidence, as it appears in the record, of the plaintiff's

abandonment of his right to the horse was too slight to be submitted to a jury. It is not intended by this to prevent the parties from going into that matter on another trial. We only say that the evidence is weak as it appears in the record. As the court went into the evidence in relation to the suit in the justice's court, why was not all of it stated in the record? If there was a compromise of the suit in the justice's court, why were not the terms of it proved, if the evidence was deemed material?

The other judges concurring, the judgment is reversed and the cause remanded.