HENRY J. JUNGEMAN, Plaintiff, Appellant, v. THE JOSEPH SCHNAIDER BREWING COMPANY, Defendant, Appellant.

St. Louis Court of Appeals, December 24, 1889

1. **Practice, Appellate:** CROSS-APPEALS: TRANSCRIPTS IN SUCH CASES. When cross-appeals are taken in a cause, the parties may jointly file one bill of exceptions in the trial court, and one transcript in the appellate court, or each appellant may file his own bill of exceptions and transcript.

2. ———— : COSTS OF TRANSCRIPT FILED JOINTLY. If but one transcript is filed by the parties jointly, each appellant should pay his share of the cost thereof.

3. ———— : RIGHT OF PARTIES TO STIPULATE FOR CONSIDERATION OF EVIDENCE IN OTHER TRANSCRIPTS. When several causes, depending partly upon the same evidence, are not consolidated under the statute (R. S. 1879, sec. 3656), but are tried together, and an appeal is taken in each, the transcript in each must contain all the evidence pertinent to it. The evidence presented in the transcript of one will not be considered in the other, upon stipulation of the parties that it shall be considered in the latter, in so far as it is competent and relevant.

4. **Practice, Appellate:** REVIEW OF FINDINGS OF FACT. When parties to an oral contract differ as to its terms, and the contention of each is supported by evidence, the finding of the trial court cannot be reviewed, if no instruction was given or requested.

Jungeman v. The Joseph Schnaider Brewing Co.

5. ———— : DISMISSAL OF APPEAL. There being cross-appeals, and one of the appellants failing to file any assignment of errors, statement or brief, his appeal is dismissed.

6. Evidence : PRESUMPTION OF TITLE FROM POSSESSION. The possession of personal property by one who claims it as his own is *prima facie* evidence of ownership.

*Cross Appeals from the St. Louis City Circuit Court.*
HON. DANIEL DILLON, Judge.

AFFIRMED.

*E. A. B. Garesché*, for the plaintiff.

*H. A. Haeussler*, for the defendant.

ROMBAUER, P. J., delivered the opinion of the court.

This cause is brought here on cross-appeals from a judgment of the circuit court, awarding the plaintiff one cent damages, in an action for conversion of plaintiff's business and accounts to defendant's use. The defendant filed a motion to dismiss the plaintiff's appeal, which is to be disposed of before proceeding to the examination of the merits. The motion charges that, although both parties appealed, and although the defendant filed in this court a transcript as required by law, yet the plaintiff failed and refused to pay any part of the cost of such transcript, or of the docket fee in this court, and that the defendant was compelled to pay the entire cost of both.

Where cross-appeals are taken in any cause, the parties may file a joint bill of exceptions, as was done in this case, and have one transcript prepared, bringing all their exceptions to this court, or they may file separate bills of exceptions, and each party may file the transcript of the record containing his exceptions in this court. If the former method is pursued the parties should divide the cost, and each pay his share. As the

defendant's motion is not accompanied by affidavits showing the facts therein stated to be true, it is needless for us to decide, whether the non-payment of his share of the costs, by one party, would entitle the other to have the appeal of the delinquent party dismissed on motion. The plaintiff's appeal will be dismissed, however, because he has filed no assignment of errors, statement or brief in this court, which he was bound to do, both by statute and the rules of this court, to preserve his *status* as an appellant.

Proceeding to consider the merits of the defendant's appeal, we must make the following preliminary observations. It appears that three cases were tried by the same judge of the trial court without the intervention of a jury, all growing out of and connected with the same transactions. Two of these cases were by the same plaintiff against the same defendant, and the third by the plaintiff's brother against the same defendant. Separate transcripts of the record were made in each case. In one, being the case at bar, both parties appeal and the bill of exceptions begins with the following recital. "Be it remembered that the following evidence was produced and heard in the above cause, as well as in case number 77,023, between Wm. Jungeman and same defendant, the evidence being heard together for both cases, and these two cases as well as case number 77,723 of same plaintiff against same defendant, in which evidence has already been submitted, to be decided and considered in evidence produced in all three cases, that is, evidence taken in all to be used and considered in each case as far as relevant and competent."

This is not a consolidation of actions under sections 3656 of the Revised Statutes of 1879. The claim in neither is for liquidated damages, nor are the suits all between the same plaintiff and defendant; hence a consolidation under the statute would have been wholly unauthorized. It is simply an arrangement by consent

of parties that the same judge of the trial court might hear a number of causes together and apply the evidence offered, as far as applicable, to each cause separately. If the judge and the parties consent to such an arrangement, we see no objection. But, when the cases are afterwards brought to this court for review, it is incumbent upon the parties to incorporate in each record, separately, the evidence which *they and the trial judge* considered applicable to the cause, and which they deem necessary for the review of the points of law presented. We will not, and cannot, hunt through a number of records, for the purpose of gathering from them such parts of the evidence as *we* might deem applicable to the particular case under consideration ; this is neither the province, nor the duty, of appellate courts, and a practice of that kind would lead to interminable confusion. In two of the cases before us, each record contains its own evidence, and, for the purpose of considering the merits of these two appeals, we must consider that each contains all the evidence that was offered in that cause, although, in view of the foregoing recital in the bill of exceptions, we are not clear that such was the intention of the parties.

In the case under consideration, the plaintiff's petition states his cause of action, in substance, as follows : The defendant, who was engaged in the brewing business, entered into a contract with him on January 1, 1887, for the period of one year, and said contract was renewed, at the expiration of the year, for another year. By the terms of the contract, the defendant agreed to sell to the plaintiff all the bottled beer, which the latter might need in his business, at certain fixed and reduced prices, and to pay him a *bonus* of one thousand dollars. In consideration of this, the plaintiff agreed to handle the defendant's bottled beer in exclusion of all other brands, and pay his own expenses in handling the beer and building up a trade for it, looking to the margin between the price at which the beer was sold to him, and

the price at which he resold it to consumers for his compensation.

The petition then states that the plaintiff built up a prosperous business in said beer trade, which, in January, 1888, when the defendant wrongfully terminated the contract, was of great value ; that, in said month of January, the defendant not only wrongfully terminated the contract, but also seized upon the plaintiff's accounts and account books, and caused him substantial damages for which he prays judgment.

The answer was a specific denial of each allegation in the petition. The court found for the plaintiff, awarding him nominal damages only, and the error complained of by the defendant is that the finding was not warranted by the evidence.

The alleged contract was oral, and its terms, under the evidence, had to be gathered from various conversations between the plaintiff and the defendant, as well as from their conduct. The plaintiff's version, which was supported by some evidence adduced by him, was that the defendant sold the beer to him, and that the contract established between the defendant and himself the relation of vendor and vendee. The defendant's version, which was also supported by evidence, was that by the terms of the contract the defendant simply became its agent for the sale of beer, and that the relation between it and the plaintiff was that of principal and agent. As the contract was oral and the facts were controverted, the question was eminently one of fact and not of law (*Halbert v. Halbert*, 21 Mo. 277 ; *Judge v. Leclaire*, 31 Mo. 127 ; *Belt v. Goode*, 31 Mo. 128) ; and, as no instructions were either asked or given, which would enable us to determine upon what finding of facts the court based its judgment, the record really presents nothing for review.

In addition to the foregoing, we may say that the books, taken by the defendant, were in plaintiff's possession when taken, the plaintiff claiming them as his

individual property. Since possession is *prima facie* evidence of ownership, a judgment for nominal damages in favor of the plaintiff, for the wrongful taking, could not be vacated on appeal, unless the conclusion from the plaintiff's own evidence was unavoidable, that his possession was merely that of a bailee for the defendant. No such unavoidable inference arises from plaintiff's evidence.

It results that the judgment must be affirmed. All the judges concur. Each party to pay half the costs of the appeal.