GEORGE L. PARKHURST v. THE FIRST NATIONAL ·BANK OF CLYDE.

SUPREME COURT —*Sufficiency of Case-made.* The record in one proceeding in the supreme court cannot be made a part of a case-made in another proceeding in the same court by a mere reference, nor can anything be considered as a part of such case-made unless it is actually incorporated therein.

*Error from Cloud District Court.*

THE opinion herein, filed April 6, 1895, contains a sufficient statement of the case.

*Kennett, Peck & Matson*, for plaintiff in error.
*Pulsifer & Alexander*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: George L. Parkhurst brought an action against the First National Bank of Clyde, Kas., alleging that he was the owner of certain personal property which he had advertised to be sold at public auction, on February 15, 1889, and that when the prospective purchasers had assembled and the sale was about to proceed the defendant bank, by its agents, appeared and warned said purchasers that the bank was the owner or had mortgages upon the property advertised to be sold, and that Parkhurst had no right to sell the same, and that those who purchased the property would acquire no title thereto. It was alleged that this interference prevented the sale of a large part of the property, and that that which was sold was disposed of at a much lower price than it would have sold for but for the action of the defendant. The defendant bank admits attending upon the sale and warning purchasers of its interest in the property, claiming that it held mortgages upon the same which were unpaid. A further defense was that in a former action brought by Parkhurst against the bank to recover penalties for a refusal to discharge the chattel mortgages held by the bank covering the same property against which the bank warned prospective purchasers at the public sale was covered by its mortgages, in which action the bank recovered a verdict and judgment against Parkhurst. It is claimed that in that action it was fully litigated and determined: First, that Parkhurst was not the owner of the property in controversy; and second, that the mortgages held by the bank then were unpaid. The trial court sustained the defense of *res adjudicata*, and directed a verdict in favor of the defendant. An ex-

ception was taken to this ruling, and the cause has been brought here for review.

The defendant insists that the record in the case is so defective that the rulings of the trial court upon the question of *res adjudicata* cannot be reviewed. From the record it appears that all of the proceedings in the first case were introduced in evidence in this case for the purpose of showing what had been adjudicated in the former case, but no part of such proceedings have been incorporated in the case-made before us. An attempt was made to bring them to the attention of this court by reference to another cause between the same parties in the supreme court, the record of which is alleged to contain a copy of the proceedings that were introduced in evidence. When the case was settled the defendant objected to the attempt to incorporate the records of a cause in another court by a mere reference thereto. The proceedings in question cannot be treated as a part of the record in this case, nor can they be considered in this review. The papers and proceedings to which we are referred, not having been included in this case-made, were never served upon the bank, and hence no amendments thereto could have been suggested by it. The papers and proceedings were therefore never settled by the district court as a part of this case-made. The original case-made in the other cause to which we are referred is a permanent record of the supreme court, and there is no authority to take the same out and place it in the control of the district court. The theory of proceedings in error is that each transcript and case-made shall be complete in itself. It has been said that —

"Each proceeding in error is distinct and independent of the other, and the errors assigned in each

proceeding are to be determined upon its own record. In determining errors assigned in this proceeding we must look alone to the matters and things revealed by the present record, and cannot examine or be governed by anything on the files of this court in a former proceeding in error, although it was brought to review a former judgment rendered in this case.'' (*C. B. U. P. Rld. Co. v. Andrews*, 34 Kas. 563.)

If the practice were allowed of making cases by reference to other records in this court it would follow that a plaintiff in error might refer to any record or document on file in any of the public offices of the state, and thus the court would be required to gather up and consider as a part of the case that which had never been served upon opposing counsel nor settled by the court as a part of a true and correct case-made. Such a practice, while it might lessen the trouble and expense of those making a case, would lead to uncertainty and confusion ; but as the issues and proceedings of a cause can be easily abridged and may be so tersely stated in a case-made, the argument of convenience and necessity can have little weight. It has been held that the evidence and proceedings in the record of one cause could not be considered in another and different cause in an appellate court, even upon the stipulation of parties that it should be considered in the latter. (*Lowe v. Riley*, 60 N. W. Rep. [Neb.] 96 ; *Jungeman v. Brewing Co.*, 38 Mo. App. 458, 463. See, also, *Rich v. Starbuck*, 45 Ind. 310 ; *Mayberry v. Morse*, 39 Me. 105 ; Elliott, App. Proc., § 197.)

In the absence of the evidence upon which the decision of the district court rests, we cannot say that its judgment is without support. Judgment affirmed.

All the Justices concurring.