P. C. HANNON v. J. W. HOLMES, *County Clerk.*

No. 141.

PRINCIPLES OF REVIEW — *omissions in case-made cannot be supplied by reference to another record.* A case-made must be full and complete in itself as to the errors assigned for review, and omissions therefrom cannot be supplied by a mere reference to the record in another case.

Error from Smith District Court. Hon. Cyrus Heren, Judge. Opinion filed December 5, 1896. *Affirmed.*

*Webb McNall,* for plaintiff in error.

*F. T. Burnham,* and *W. R. Myers,* for defendant in error.

GARVER, J. This was an action brought by the plaintiff in error in the District Court of Smith County against the defendant in error, as County Clerk of said county, to restrain him from placing on the tax rolls of said county, against the property of the plaintiff, certain taxes assessed by School District number 116 in said county, alleging that the same were illegal. A temporary injunction was granted by the probate judge, which was afterwards, on motion of the defendant, dissolved by Honorable Cyrus Heren, Judge of the District Court. To reverse such order, the plaintiff, P. C. Hannon, brought this proceeding

in error.　The journal entry of the order of the judge vacating the injunction recites :

"After the presentation of the evidence for and against said motion, and after hearing the arguments of counsel, said motion is sustained ; and it is considered, ordered and adjudged by the judge of said court that the said temporary restraining order, heretofore granted and issued in said case by the said Probate Judge of Smith County, Kansas, be and the same is hereby dissolved, vacated, annulled, and set aside."

The questions for review arise upon the evidence presented on the hearing of the motion.　Outside of the certificate of the judge, attached to the case-made, there is nothing to indicate that the record filed in this court contains all the evidence.　When the errors sought to be reviewed are based upon the evidence, the record must show, in a proper manner, that all the evidence is included therein.　The certificate of the trial judge alone is insufficient for that purpose.　*Lebold v. Ottawa Co. Bank*, 51 Kan. 381. Further, the record on its face affirmatively shows that it does not contain all of the evidence ; for it refers for a statement of certain facts which were in evidence and considered on the hearing of the motion, to the forty-seventh volume of the Kansas Reports, at page 413.　A record cannot be made in this manner. A case-made must be complete in itself ; it cannot be supplemented by a mere reference to the records of another case.　Nothing can be treated as a part of a case-made unless it is actually incorporated therein. If any other practice were admissible, an appellate court might be required to search the records of other departments of the state government for the purpose of ascertaining the facts necessary to a proper consideration of a case.　However convenient such a practice might be for counsel, in lessening the labor

of making a case, it would necessarily lead to great annoyance and uncertainty in appellate proceedings. On this question the rule is stated by Mr. Justice Johnston, in *Railroad Co. v. Andrews* (34 Kan. 563), as follows :

" Each proceeding in error is distinct and independent of the other, and the errors assigned in each proceeding are to be determined upon its own record. In determining errors assigned in this proceeding we must look alone to the matters and things revealed by the present record, and cannot examine or be governed by anything on the files of this court in a former proceeding in error, although it was brought to review a former judgment rendered in this case."

See, also, *Parkhurst v. First National Bank of Clyde,* 55 Kan. 100.

Not having before us the evidence upon which the order complained of was based, we cannot say there was error therein, and the same is affirmed.