WILLIAM ROSCHE, Appellant, v. JOHN F. COOK, et al., Defendants, HENRY WALKER, Respondent.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Mechanics' Lien:** TRIAL BY THE COURT: NO EXCEPTIONS SAVED. When cause is tried by the court without any instructions; or exceptions to the admission or exclusion of evidence, the judgment must be affirmed, if it can be done under any theory of law applicable to the facts.

2. ————: CONFLICT OF EVIDENCE: LIEN FILED OUT OF TIME. The question whether the lien was filed out of time being one of fact and the trial court having found that it was, and there being substantial evidence on which to base such finding, the judgment should be affirmed.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*C. R. Skinker* for appellant.

(1) While the case was tried by the court sitting as a jury, and no instructions or declarations of law were asked or given or refused, this court will review the evidence to ascer-

tain whether or not the judgment is supported by substantial evidence.   Kehoe v. Philippi, 42 Mo. App. 294; McGrath v. Mitchell, 56 Mo. App. 629; Watson v. Fehlig, 59 Mo. App. 276; Smith v. McCall, 63 Mo. App. 631; Long v. Moon, 107 Mo. 338; Lionberger v. Pohlman, 16 Mo. App. 393; Friesz v. Fallon, 24 Mo. App. 439; Price v. Lederer, 33 Mo. App. 426; Janis v. Roentgen, 52 Mo. App. 114.   (2)   Where the evidence to support a judgment is such as to show a mere possibility, or to raise a mere inference of the existence of facts sustaining a defense, or is vague, self-contradictory and indirect, while plaintiff's evidence is that of eye witnesses, clear unimpeached and unequivocal, a judgment for defendant will be set aside.   Lionberger v. Pohlman, 16 Mo. App. 397; Moore v. Railroad, 28 Mo. App. 624, 628; Mauerman v. Railroad, 41 Mo. App. 357; Vogeli v. Granite Co., 56 Mo. App. 682; Convent v. Kleinhoffer, 76 Mo. App. 661; Avery v. Fitzgerald, 94 Mo. 216; Hirsch v. Grand Lodge, 78 Mo. App. 363; State v. Hayden, 141 Mo. 315.

*Wm. F. Smith* for respondent.

The allegations (of the three petitions) being that the account accrued July 15, 1898, and that the lien was filed November 15, 1898, the lien on the face of the petitions or statements of cause of action was filed one day too late, since the four months expired on November 14, 1898.   November 15, 1898, was not "within four months after the indebtedness shall have accrued," within the meaning of section 6709, Revised Statutes.  Hahn v. Dierkes, 37 Mo. 574, approved in Gray v. Worsh, 129 Mo. 131.   And if case of Johnson v. Building Co., 23 Mo. App. is inconsistent with above decision of supreme court, it should be overruled.   See, also, Sappington v. Lenz, 53 Mo. App. 49; Schubert v. Crowley, 33 Mo. 564.   The uncontroverted evidence of plaintiff shows that the two items alleged and

claimed to have been furnished July 15, 1898 (which are relied on to save the lien from the four months' limitation), were furnished as extras, and not under the written bid which specifies the items to be furnished for $520, as no "Star Yellow Pine partition," or "Quarter Round," is named in the bid (contract), while the items of next preceding delivery of July 8 (record, p. 23), were included in the bid—hence the lien for materials furnished under the bid was not filed within four months of November 15 (the date the lien was filed), since the delivery of July 8 includes the last items of materials of the kind specified in the bid. The lien must be filed within four months after the delivery of materials under each contract. Kearney v. Wurden, 33 Mo. App. 447.

BIGGS, J.—The defendant John F. Cook, is engaged in building and repairing houses. The plaintiff is a dealer in lumber. The defendant Henry Walker occupies a double brick store room situated on the east side of Twelfth street, between Olive and Pine streets, in city block numbered 503. The south line of the building is sixty-four feet and two inches north of the southwest corner of the block. The building is situated on two lots, each fronting twenty-three feet on Twelfth street. The north lot belongs to Walker, and the fee of the south lot is vested in John F. and Arthur Lee. The Lees have leased their lot and the building thereon to Walker. When the improvements were first made the two store rooms were separated by a brick partition wall, which Walker removed and substituted iron posts. In 1898 Walker employed Cook to make certain improvements on the building. Cook bought the lumber that he used in making the improvements from the plaintiff. He failed to pay for all the lumber, and to secure the balance due him the plaintiff attempted to charge the entire building with a mechanics' lien. The defendant Walker was named as owner in the lien paper, and the property was described therein as situated in city block number 503 on

Twelfth street, between Olive and Pine, beginning eighty-seven feet and two inches north of the southwest corner of the block extending thence north along the east line of Twelfth street forty-six feet, etc., and that the building was known as numbers 206 and 208 North Twelfth street. It will be seen that the property was partially misdescribed in the mechanics' lien, the description given only covering the north half of the building. This mistake was carried into the original statement before the justice, where the plaintiff attempted to correct it by filing an amended complaint, and alleging further that the Lees owned the south lot and the building thereon, and that Walker was occupying it as lessee. The justice rendered a judgment against Cook for the debt and in favor of Walker as to the lien. On a trial *de novo* in the circuit court the same judgment was entered. The plaintiff has appealed from the judgment as to the lien.

The trial was before the court sitting as a jury. No exceptions were saved to the admission or exclusion of evidence, and no instructions were asked or given. Under such a record the judgment must be affirmed if it can be done under any theory of law applicable to the facts. Jungeman v. Brewing Company, 38 Mo. App. 458; Gentry v. Templeton, 47 Mo. App. 55.

In support of the judgment it is argued (1) that the error in the description of the property in the mechanic's lien paper was such as to defeat the lien; (2) that the structure must be regarded as two buildings belonging to different parties, and therefore there ought to have been two separate liens; (3) that the evidence tended to prove that the mechanics' lien was not filed within four months after the date of the last delivery of lumber. We will discuss the last proposition.

According to the lien paper the last item of lumber was delivered on July 15, 1898. If this was correct, then the mechanics' lien was filed in time. On the other hand the contention of respondent is, that the last delivery was on July

8, which if true, would defeat the lien.    There was substantial evidence to support the latter contention, which must lead to an affirmance of the judgment.    The plaintiff testified as to the last load of lumber, but he could not state the exact date of its delivery.    The man who hauled it testified that it was delivered at the building on the fifteenth day of July.    He made this statement from recollection merely.    He had no memorandum or other means of refreshing his memory as to the exact date.    The plaintiff also introduced the defendant Cook as a witness.    He testified that according to his recollection the last delivery was on the eighth day of July.    He further testified that on the trial before the justice he had a memorandum book which showed that the last item of lumber received at the house was on that day, and that the book had been misplaced or lost.    It is clear that the circuit court was justified in finding that the lien was filed out of time.

It would serve no good purpose to discuss the other questions.    The judgment of the circuit court will be affirmed. All concur.