## McKEE v. DICKERSON et al.

No. 16509—Opinion Filed March 8, 1927.

(Syllabus.)

**1. Pleading—Amendments—Statutes Construed.**

Section 296, Compiled Oklahoma Statutes, 1921, which provides, "The title of a cause shall not be changed in any of its stages," means the title or caption of the answer, demurrer or other papers filed in the cause after the petition shall be like that of the petition, and section 296, supra, does not conflict with section 318, Compiled Oklahoma Statutes, 1921, which authorizes the court, in furtherance of justice, to amend any pleading by adding to or striking out the name of any party, or by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense.

**2. Appeal and Error—Requisites of Case-Made—Completeness in Itself.**

A case-made must be complete in itself. It cannot be supplemented by a mere reference to the records of another case. Nothing can be construed as a part of a case-made unless it is actually incorporated therein.

**3. Same—Record of Rejected Evidence.**

It is well established in this jurisdiction that, when a party complains of the rejection of evidence, it is necessary for him to show in the record the substance of what the evidence would have been in order that the court may determine whether material error has been committed.

**4. Appeal and Error—Necessity for Exceptions—Ruling on Pleadings.**

Defendants failed to except to the action of the court overruling the demurrer of defendant to plaintiffs' answer to defendants' cross-petition, and, therefore, the same is not subject to review here.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Laurinda Dickerson and others against W. L. McKee to cancel certain overlapping deeds and to quiet title to certain land. Judgment for plaintiffs, and defendant appeals. Affirmed.

George T. Bonstein. for plaintiff in error.

C. E. B. Cutler, for defendants in error.

RILEY, J. The parties are mentioned as they appear below. W. A. Dickerson and C. O. Dickerson began this action to cancel certain overlapping deeds and to quiet title to a triangular strip of land platted as lot 11, block 1, Smith addition, city of Okmulgee, theretofore purchased by T. B. Dicker-son from J. C. Trent, trustee for Rebecca Smith. Plaintiffs W. A. and C. O. Dickerson were sons of T. B. Dickerson, deceased. Plaintiff Laurinda Dickerson was his widow. There were two other children, Cora G. and Della. In December, 1913, an amicable division of the property of T. B. Dickerson, deceased, was made by the exchange of deeds by his heirs. It was alleged that in setting out the description of the lots in those deeds to W. A. and C. O. Dickerson certain errors were made. On the discovery of this error permission of court was secured and other heirs were made parties, and the amended petition was filed. Plaintiffs sought judgment to declare them to be owners of all title to the property and to cancel certain overlapping instruments. The defendant answered setting up lack of administration of the estate of T. B. Dickerson, and pleaded as to the second cause of action the Arkansas statute of limitation. A cross-petition was filed alleging wrongful detention and damages. A jury was empaneled. The defendant failed to make proof upon his cross-petition, and it was dismissed. The court directed a verdict for the plaintiffs, which was accordingly rendered.

The defendant contends that the trial court erred because the plaintiffs were permitted to amend their petition and bring in additional parties. He cites section 296, Compiled Oklahoma Statutes, 1921, in support of his contention, which reads as follows:

"The title of a cause shall not be changed in any of its stages."

This section does not conflict with the provisions contained in section 318, Compiled Oklahoma Statutes, 1921, which section authorizes the court in furtherance of justice to amend any pleading by adding to or striking out the names of any party, or by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense. Zahn v. Obert et al.. 60 Okla. 118, 159 Pac. 298.

There is no merit in this contention.

It is next urged that plaintiffs were bound by pleadings in another cause alleged to have been instituted by plaintiffs in 1922. Whatever that cause may have been, it is not set up in the case-made, nor incorporated in the motion for new trial, and hence cannot be reviewed by this court.

In Hannon v. Holmes, County Clerk (Kan.) 47 Pac. 162, it is said:

"A case-made must be complete in itself. It cannot be supplemented by a mere reference to the records of another case. Nothing

can be construed as a part of a case-made unless it is actually incorporated therein."

It is next contended that the court erred in striking portions of defendant's reply to plaintiffs' answer to the cross-petition. It is urged that the stricken paragraphs of the reply plead the departure and contradiction of plaintiffs mentioned in the contention previously considered. If so, the court was not in error, for the same averments are contained in the defendant's answer on p. 34 of the case-made. Therefore, a repetition in defendant's reply constituted surplusage.

In Denman v. Brennamen et al., 48 Okla. 566. 149 Pac. 1105, this court stated the rule as follows:

"A reply need not be filed when the answer does not really set up new matter, but rather evidential facts in the way of a denial to the plaintiff's petition. Thus following the rule established in Terrapen v. Barker, 26 Okla. 93, 109 Pac. 931."

Other contentions can well be considered in the proposition as to whether the court erred in directing the verdict.

Plaintiffs produced an abundance of evidence to show that permanent improvements were made upon property in dispute by the grantors; that a fence was built by T. B. Dickerson in 1902, and that a part of that fence remains in line with the west of Porter avenue to this day.

After witnesses were introduced by plaintiffs and cross-examined, a demurrer was presented by defendant and overruled by the court, and the defendant's attorney announced that he was going to quit. Case-made, p. 216. The court then directed a verdict. The defendant did not produce proof on his cross-petition, and the court dismissed the same. There is no offer of testimony in the record.

In Oklahoma Petroleum & Gasoline Co. v. Winship. 83 Okla. 146, 200 Pac. 844, is clearly pointed out the manner of making the record when evidence is rejected. It is there said:

"It is well established in this jurisdiction that, when a party complains of the rejection of evidence, it is necessary for him to show in the record the substance of what the evidence would have been in order that the court may determine whether material error has been committed."

The burden of establishing the allegations of a cross-petition is upon the pleader. Equitable Surety Co. v. Sapp, 77 Okla. 221, 187 Pac. 917; Longest v. Langford et al., 67 Okla. 155, 169 Pac. 493; Id., 71 Okla. 3, 172 Pac. 927.

There is no merit in this contention.

The fourth assignment of error is that the court erred in overruling defendant's demurrer to plaintiffs' answer. The record does not disclose that defendant made or saved an exception to the court's action, and the error, if any, is not reviewable. Ford et al. v. Perry, 66 Okla. 150, 168 Pac. 221.

Having disposed of the contentions of the defendant, the judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 129, 308, 470, 480; 21 R. C. L. p. 584. 4 R. C. L. Supp. p. 1422. (2) 4 C. J. p. 332, §1961; 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 417; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75 (3) 4 C. J. pp. 74, 76, §1662. (4) 3 C. J. p. 904, §805; 2 R. C. L. p. 140; 1 R. C. L. Supp. p. 409.