ATCHISON & NEBRASKA RLD. CO. v. JOHN L. REECHER.

1. AGENT'S AUTHORITY *to Make Contract.* Where a laborer on a railroad is injured while in the service of the railroad company, a telegram from the general superintendent directing one of his subordinates to employ a physician and to do all he can to save the injured limb and make the sufferer comfortable, is authority for a contract binding the company to pay for the board and care of the injured party while recovering from the injury.

2. —————— *Practice.* Where a demurrer to plaintiff's evidence is overruled when, on account of some omission in the testimony, it should have been sustained, and thereupon defendant proceeds to offer testimony, and in so doing supplies the omission, *held,* that the error in the ruling on the demurrer is corrected, and if upon all the testimony in the case the judgment was properly rendered, it will be upheld.

*Error from Doniphan District Court.*

AT the September Term, 1879, of the district court, *Reecher* recovered a judgment against the *Atchison & Nebraska Rld. Co.,* for $137.50. The *Railroad Co.* brings the case here. The facts appear in the opinion.

*W. W. Guthrie,* for plaintiff in error.

*F. M. Keith,* and *Nathan Price,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Reecher sued the railroad company before a justice on the claim of an express contract on the part of the defendant to pay plaintiff for the charge and care of one George E. Cubitt, plaintiff setting out his claim at $286. The case was tried to a jury, with verdict for plaintiff, and

judgment for $137.50. The record is upon a case-made. A demurrer to plaintiff's case was interposed by defendant, which was overruled by the court. After verdict, a motion for a new trial was overruled.

The case, briefly stated, is: George E. Cubitt, plaintiff's step-son, had his foot hurt while working for the defendant, and was sent to plaintiff's home. Hildebrandt, boss of the gang in which he was working, reported the accident by telegraph, from White Cloud, to Spafford, his superintendent, and Col. Towne, general superintendent, at Atchison, who answered by telegrams. Plaintiff claimed to have been employed by such boss after the receipt of these telegrams, and relied upon such express contract.

We think upon the record there may be said to exist three questions: The first one is, whether Hildebrandt made any such contract with plaintiff as was claimed. Hildebrandt positively denied it, while plaintiff as positively affirmed. There was also other testimony. This was a question of fact, with contradictory testimony, and is disposed of, so far as this court is concerned, by the decision below.

A second question is, whether Hildebrandt had authority to bind the company by any such contract. The evidence of authority was offered in these telegrams. The messages sent by Hildebrandt were as follows:

(No. 1.)    "W. C., Jan. 21.

"L. K. Spafford, Atchison:

"George Cubitt got his foot nearly cut off this P. M., with coal bucket. Shall I get doctor for him?    J. D. H."

(No. 2.).
"White Cloud, Jan. 21, 1879.

"L. W. Towne, Atchison:

"May we send for counsel for physician?    J. D. H."

The answers to these telegrams were respectively as follows:

(No. 1.)
"Atchison, Jan. 21, 1879.

"Employ the best doctor there to attend to Mr. Cubitt.
"L. W. Towne."

(No. 2.)

"ATCHISON, Jan. 21, 1879.

"J. D. H., White Cloud:

"Yes; employ counsel with physician, and do all you can to save the foot and make him comfortable.

L. W. TOWNE."

We think telegram No. 2 from the general superintendent gave authority to make the contract. In reply to an inquiry as to whether to employ counsel with the physician, Hildebrandt is told to employ counsel, and in addition, to do all he can to save the foot and make the patient comfortable. Board and care while suffering from the wound are clearly within the scope of such direction. Indeed, they would seem to be the very matters indicated.

The other question is as to the telegrams. And here we may remark that we are to look at all the testimony, both that offered after the overruling of the demurrer to the evidence as well as that offered before. If, upon all the testimony, the telegrams were properly admitted, it matters not that no sufficient foundation for their admission had been laid before the ruling on the demurrer. (*Simpson v. Kimberlin,* 12 Kas. 588.) Before the demurrer, plaintiff showed by Hildebrandt that he delivered to the telegraph operator at White Cloud dispatches for Col. Towne, the general superintendent at Atchison, and received from the same operator what appeared to be copies of telegrams in reply. After the ruling on the demurrer, the defendant's counsel put Hildebrandt on the stand, and showed by him the dispatches forwarded to Col. Towne, and the answers received by him. The witness no longer spoke of copies, but testified to sending dispatches to and receiving answers from Col. Towne. It will scarcely do to say, in view of this latter testimony, that there was not evidence before the jury from which they might find that Col. Towne, the general superintendent, did in fact give Hildebrandt the authority under which he acted. So that whatever might be thought of the ruling on the demurrer, the verdict upon all the evidence would have to be upheld. But was the ruling

on the demurrer erroneous? An employé on a railroad goes to a telegraph office and sends a dispatch to his superior, and receives from the same operator in a short time what purports to be a reply from the said superior to his dispatch. Upon the strength of such supposed reply, he acts, and makes a contract for the company. In an action upon that contract against the company, is not that reply thus received *prima facie* evidence of authority in him to act? It is unnecessary in this case to decide this question, but see upon it the case of *Matteson v. Noyes*, 25 Ill. 591, and the review of that case in Scott and Jarnagin's Law of Telegraphs, § 345.

There being no other question in the case, the judgment will be affirmed.

All the Justices concurring.