## MEYER *et al.* v. WHITE.

No. 665.   Opinion Filed November 16, 1910.

1.   **TRIAL—Demurrer to Evidence—Sufficiency of Additional Evidence.**   Where the district court overrules a demurrer to plaintiff's evidence and thereafter both parties proceed with the trial and introduce further and additional evidence and sufficient evidence is introduced to make out a case for the plaintiff. a judgment rendered and entered in his favor on a verdict for plaintiff will not be disturbed.

2.   **FORCIBLE ENTRY AND DETAINER—Notice to Terminate Tenancy—Waiver.**   In an action for forcible detainer to recover possession of a tenement the notice to terminate the tenancy prescribed by Wilson's Stats. of Okla. 1903, sec. 3328, is waived

where the tenant disclaims the relation of landlord and tenant, refused to pay rent to his landlord, and attorns to another.

(Syllabus by the Court.)

*Error from Creek County Court; Josiah G. Davis, Judge.*

Action by R. S. White against Max Meyer and another. Judgment for plaintiff, and defendant brings error. Affirmed.

*Thompson & Smith,* for plaintiffs in error.
*McDougal, Wood & Lattimore,* for defendant in error.

TURNER, J.   On July 29, 1908, R. S. White, defendant in error, as plaintiff, sued Max Meyer and Joe Abraham before a justice of the peace in Creek county in forcible detainer for the east room of the first floor of a 50 by 90 foot two-story building on the east 50 feet of lot 1 in block 47, in the city of Sapulpa, Creek county, Oklahoma.   He alleged that they had entered lawfully March 17, 1908, as his tenants; that their tenancy expired May 17, 1908; that he had served them with notice to quit, which he filed as an exhibit, and prayed restoration of the premises. Defendants pleaded "not guilty."   There was judgment for plaintiff, and, on trial anew in the county court, where the cause was appealed, there was again judgment for plaintiff, and defendants bring the case here.

To maintain the issues on his part, plaintiff introduced in evidence a lease of the premises from the owner thereof to himself, dated November 23, 1906, for a term of two years from January 15, 1907; introduced evidence tending to prove that, while in possession under said lease, he made an assignment of his stock of goods on sale therein; that the same was sold by his assignee on or about March 17, 1908, to defendants, together with the fixtures and balcony in the store; that they immediately took possession and continued the sale of said goods in said room with knowledge of plaintiff's lease and with the understanding with plaintiff that they might occupy it 60 days; that, failing to pay rent, on May 20, 1908, he served defendants with notice that they were indebted to

him in a certain amount for rent of the room from March 17, 1908, to May 17, 1908, with request for payment or that they surrender possession and quit; that, on July 20, 1908, he again served them with notice to quit as required under the forcible entry and detainer act— and rested. Whereupon defendants demurred to the evidence, which was overruled and exceptions saved. To maintain the issues on their part defendants proved that they took possession about March 14th and paid the rent to the owner of the building, pursuant to an understanding with him that he would protect them. In rebuttal plaintiff proved that he tendered the rent to the owner of the building when due, pursuant to the terms of his lease, which was refused on the ground that it had already been paid by defendants. In support of their demurrer defendants contend that plaintiff had not made a *prima facie* case at the time he rested, in that a "close scrutiny" would show that he had failed to prove the dates when defendants' tenancy began and ended. We do not think so. But if this proof was not apparent at the close of plaintiff's testimony, which it was, it was made so at the close of all the testimony. Where this is the case the error of the trial court in failing to sustain the demurrer, if any, is corrected and will not be disturbed here. *A., T. & S. F. Ry. Co. v. Beecher,* 24 Kan. 230.

Defendants' next contention is that the evidence fails to show that they were served with notice to terminate the tenancy, as required by Wilson's Stats. of Okla. 1903, sec. 3328, which reads:

"When the time for the termination of the tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant by sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

—And that, therefore, under all the evidence, their demurrer to the evidence should have been sustained. We do not think so, for the reason that the time for the termination of the tenancy was specified in the contract—that is, at the end of two months, and for the further reason that, by refusing to attorn to plaintiff and paying rent to the owner of the building, defendants disclaimed their land-

lord's title and repudiated the relation of landlord and tenant existing between plaintiff and defendants. In *Polson v. Parsons,* 23 Okla. 778, this court, on this point, said:

"Where this is done by a party in a suit against him for possession of real property, he is held to have waived a right to notice as a tenant."

See cases there cited. Also, *Woodward v. Brown,* 13 Pet. 1. As there was no evidence reasonably tending to prove that plaintiff had abandoned his lease, the finding of the jury that he had not is supported by the evidence.

We have examined the court's instructions to the jury and find that those complained of substantially state the law. There is nothing in the remaining assignments.

The judgment of the trial court is affirmed.

All the Justices concur.