## THROM v. HOLLISTER, Gdn., et al.

No. 11671—Opinion Filed Oct. 2, 1923.

### Appeal and Error—Necessity for Injury—Variance Between Pleading and Proof.

No variance between the allegations in a pleading and the proof is to be deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits; and it must be made to appear that the complaining party was misled, and in what respect he has been misled, to his prejudice before this court will reverse a judgment because of such variance.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Caddo County; Will Linn, Judge.

Action by O. K. Hollister, as guardian of Rachel Hollister, against Joe Throm et al. Judgment for plaintiff, and defendant Joe Throm appeals. Affirmed.

Bristow & McFadden, for plaintiff in error.

A. J. Morris and C. H. Jameson, for defendants in error.

Opinion by RAY, C. This action was commenced by O. K. Hollister, as guardian for Rachel Hollister, to set aside a tax deed issued to and held by Joe Throm, to quiet title to, and for the possession of, 80 acres of land in Caddo county. J. C. Bell, as tenant, and C. W. Ludwick, claiming some interest, were joined with Throm as defendants. Plaintiff recovered judgment as prayed and the defendant Joe Throm appeals.

Plaintiff in error relies for a reversal of the judgment upon a variance in the proof from the allegations contained in the petition. Plaintiff's title rested upon a sheriff's deed, a purported copy of which was set out as an exhibit to the petition. The variance complained of is stated in plaintiff in error's brief as follows:

"There seems to be a fatal variance between the proof in this case and the pleading. The plaintiff pleads and relies on a certain sheriff's deed which recites as one of the material parts thereof, the following statements: (C. M. Page 17). That whereas on the 26th day of February, A. D. 1914, in an action then pending in the District Court of Caddo County, Oklahoma, wherein the National Bank of Anadarko was plaintiff and Ezekiel Parton, Anna Bell Parton, John M. Absher, Mrs. John M. Absher, W. M. Plum, C. W. Ludwick, O. K. Hollister, guardian of Rachel Hollister, were defendants, a personal judgment was rendered in said court in said action in favor of said plaintiff and against said defendants, George W. Cook, and Maggie Cook, his wife, O. K. Hollister, guardian of Rachel Hollister, for the sum of $793.10.'

"The said plaintiff introduced in evidence a certain sheriff's deed in which it is recited as follows:

" 'That whereas on the 26th day of February, A. D. 1914, an action then pending in the District Court of Caddo County, Oklahoma, wherein the National Bank of Anadarko was plaintiff and Ezekiel Partin, Anne Belle Partin, John M. Abshere, Mrs. John M. Abshere, W. M. Plum, C. W. Ludwick, O. K. Hollister, guardian of Rachel Hollister, George W. Cook and Maggie Cook, his wife were defendants, a personal judgment was rendered in said court in said action in favor of said O. K. Hollister, guardian of Rachel Hollister, and against said defendants, George W. Cook and Maggie Cook, his wife, in the sum of $793.10' "

The material difference is that the copy attached to the petition recited that the plaintiff bank recovered judgment and in the deed introduced in evidence it is recited that O. K. Hollister, guardian of Rachel Hollister, recovered the judgment. In all other particulars the exhibit is a correct copy.

Section 312, Comp. Stat. 1921, provides:

"No variance between the allegations in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

There is no suggestion in the brief of plaintiff in error that he was misled by the variance. The trial court's attention was not called to it. Counsel say that the introduction of the deed in evidence "was objected to from almost every conceivable standpoint." The objection was:

"Defendant, Joe Throm, objects to the introduction of Exhibit A for the reason that the same is incompetent and immaterial, and for the further reason there is no foundation laid for its introduction, and for the further reason that the execution of the deed set forth in the second count of plaintiff's petition is denied under oath, and the Exhibit A is not a copy of Exhibit A referred to in plaintiff's petition."

The trial court's attention was not called to the variance. No claim was made that the defendant had been misled. At the close of the case, counsel for Throm asked the court to state his conclusions in writing upon certain points indicated and the variance was not mentioned. The question is first raised in this court and no attempt made here to show that the defendant was in any way injured or misled. It is a defect in the pleading which could properly have been cured by amendment, either on terms or otherwise, if attention had been called to the defect.

We think that in the absence of any showing that the plaintiff in error was misled, by such variance, to his prejudice, the variance was immaterial and the judgment should be affirmed.

By the Court: It is so ordered.