## SMITH v. CORNWELL & CHOWNING LBR. CO.

No. 14502—Opinion Filed Dec. 4, 1928.

Rehearing Denied Feb. 19, 1924.

(Syllabus.)

1. **Appeal and Error — Review — Overruling Demurrer to Evidence.**

Where the court overrules a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial and introduce additional evidence, and sufficient evidence is introduced to make out a case for the plaintiff, a judgment rendered and entered on a verdict for the plaintiff will not be disturbed on appeal, although the court erroneously overruled the demurrer to plaintiff's evidence.

2. **Principal and Agent — Husband and Wife — Proof of Agency.**

The relationship of husband and wife will not, unaccompanied by other circumstances, authorize the conclusion that the husband is the agent of the wife; but such may be taken into consideration and is usually entitled to considerable weight, when taken in connection with other circumstances, as tending to establish the fact of agency; and implied agency may be established from words or conduct of the parties and circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be implied from a single transaction.

3. **Same — Contract for Undisclosed Principal — Liability.**

For most purposes the contract of an agent, who deals in his own name without disclosing that of his principal, is the contract of the principal, and when discovered, the principal may be held liable, as a general rule, unless it clearly appears that the contracting party intended to give exclusive credit to the agent.

4. **Appeal and Error — Question of Fact — Verdict.**

In an action at law, the verdict of the jury will not be set aside on the ground

of insufficiency of evidence where there is any evidence reasonably tending to support it.

Error from District Court, Carter County: Thos. W. Champion, Judge.

Action by the Cornwell & Chowning Lumber Company against Mary S. Smith and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Brown, Brown & Williams, for plaintiff in error.

H. A. Stanley and Coakley & Norman, for defendant in error.

COCHRAN, J. This action was commenced by defendant in error against Mary S. Smith and W. S. Smith upon an account for lumber and building material furnished by the plaintiff in error and used in the construction of a garage on the property owned by Mary S. Smith, and for a foreclosure of materialman's lien upon said property. Judgment was rendered by default against defendant W. S. Smith for the full amount sued for, and judgment was rendered against defendant Mary S. Smith for $400 interest and costs, and foreclosing a lien on the real estate belonging to Mrs. Smith. From this judgment Mrs. Smith has appealed. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the trial court.

Defendant contends that the court erred in overruling her demurrer to plaintiff's evidence. It is unnecessary to consider this assignment, as testimony was offered by the defendant and the verdict of the jury and judgment rendered thereon were based upon the entire evidence, and if there was sufficient evidence introduced to make out a case for the plaintiff, considering the entire evidence, the case will not be reversed because of error in overruling a demurrer to plaintiff's evidence. Meyer v. White, 27 Okla. 400, 112 Pac. 1005.

The defendant next contends that the court erred in giving instruction No. 6. This instruction, taken in connection with instructions 7 and 8, correctly states the law applicable to the instant case in accordance with the law anounced in Mounts v. Boardman Co., 79 Okla. 90, 191 Pac. 362, and it is our opinion that the defendant's objections to instruction 6 are untenable.

It is next contended that the court erred in refusing to direct a verdict for the defendant. It is the contention of the defendant that the material was sold to W. S. Smith, the husband of Mary S. Smith, and that Mrs. Smith did not authorize the purchase of the material; and it is further contended that the facts in the case are insufficient to establish the relation of principal and agent between W. S. Smith and Mary S. Smith in regard to this transaction; that W. S. Smith did not hold himself out as the agent of Mary S. Smith, and the plaintiff dealt with him as a principal instead of an agent. In Mounts v. Boardman Co., supra, the court said:

"For most purposes the contract of an agent, who deals in his own name without disclosing that of his principal, is the contract of the principal, and when discovered, the principal may be held liable, as a general rule, unless it clearly appears that the contracting party intended to give exclusive credit to the agent."

Applying that rule to the instant case, Mary S. Smith was liable for the material furnished if her husband was acting as her agent, even though he dealt in his own name, without disclosing that of his principal, unless the plaintiff intended to give exclusive credit to W. S. Smith. This question and the question of the agency of W. S. Smith were submitted to the jury under proper instructions, and an examination of the evidence discloses that there is evidence reasonably tending to support the verdict of the jury. Such being the case, the verdict of the jury will not be disturbed on appeal.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and KENNAMER, NICHOLSON, BRANSON, and HARRISON, JJ., concur.

Rehearing Denied Feb. 19, 1924.