**STAFFORD et al. v. BOND.**

No. 15105—Opinion Filed Jan. 2, 1925.

Rehearing Denied Feb. 17, 1925.

1. **Bills and Notes—Assignment by Separate Instrument—Effect.**

A note, like any ordinary chose in action, may be assigned by a separate instrument, and the assignee becomes the owner of such interest as the assignor had in such note.

2. **Appeal and Error—Demurrer to Evidence—Improper Overruling Cured by Later Evidence.**

Where the court overrules a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial, and introduce additional evidence, and sufficient evidence is introduced to make out a case for the plaintiff, a judgment rendered for the plaintiff will not be disturbed on appeal, although the court erroneously overruled the demurrer to plaintiff's evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion. Division No. 2.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Ella Bond against Dona Stafford et al. Judgment for plaintiff, and defendants bring error. Affirmed.

James H. Gernert and Horton & Horton, for plaintiffs in error.

Gordon Fryer, for defendant in error.

Opinion by JARMAN, C. Ella Bond, plaintiff below, sold certain real estate to Dona Stafford for 'the purpose of buying an automobile from Jonas J. Watson. $450 was paid on the consideration and the balance of the consideration was taken care of by a note and mortgage, which, by agreement of all the parties, was executed by Dona Stafford and delivered to said Jonas J. Watson, and the automobile was then delivered to the plaintiff. It developed that Watson did not have a clear title to the automobile, resulting in Sprague & Wright, automobile dealers of Ada who held a mortgage on this automobile, taking possession of the same. In order to satisfy the claim of Sprague & Wright on the automobile, Watson deposited with them the note in question as security, and after Sprague & Wright's indebtedness had been fully paid and satisfied, Watson. on December 5, 1921, executed an assignment of the note and mortgage to the plaintiff, Ella Bond. The note at that time being in the possession of Sprague & Wright, Watson issued an order directing Sprague & Wright to deliver the same to the plaintiff. Immediately after Sprague & Wright took the car from the plaintiff, Watson was arrested for disposing of mortgaged property, and it was the settlement of this charge and of the claim of Sprague & Wright against the car that caused Watson to assign the note and mortgage to the plaintiff. The note was not delivered by Sprague & Wright to the plaintiff, but to Watson, who subsequently indorsed and delivered said note to James H. Gernert. who held said note and claimed to be the owner thereof at the time this action was brought.

This action was brought by the plaintiff to recover judgment on said note and to foreclose the mortgage, securing the same, resulting in a judgment for the plaintiff, and the defendants have appealed.

The first assignment or error urged is that the court erred in overruling the demurrer to the petition of the plaintiff.

The defendants contend that the petition does not show that the note or mortgage indebtedness was ever transferred to the plaintiff. It is conceded that the assignment attempted to transfer the mortgage but defendants claim that the mortgage could not be transferred independently of the note. The assignment itself fully answers this question for it states, "I hereby grant, sell and assign to Ella Bond a certain mortgage on certain real estate and the indebtedness thereby secured." It is quite clear from the assignment itself that not only the mortgage but the mortgage indebtedness, evidenced by the note, was assigned and transferred by Watson to the plaintiff. That the interest of Watson in the mortgage and mortgage indebtedness, represented by the note, could be transferred or assigned by a separate instrument in writing without the actual delivery of the note is well settled by the rule announced in 8 C. J.. 383, and the authorities therein cited. The plaintiff did not become a holder in due course of the note, but she acquired such interest therein as Watson had, and the court properly overruled the demurrer to plaintiff's petition.

The two remaining assignments of error urged by the defendants are that the court erred in overruling the demurrer to the evidence of the plaintiff, and that the court erred in rendering judgment for the plaintiff.

The defendants contend that the evidence on the part of the plaintiff wholly failed to show that the plaintiff was the owner of the note in question or that there was any thing due on the note, and that the plaintiff wholly failed to make out a case, but it is not necessary to pass on these questions under the rule announced in the case of Smith v. Cornwell & Chowning Lumber Co., 101 Okla. 86, 223 Pac. 154, holding that where the trial court overruled a demurrer to the plaintiff's evidence, and thereafter both parties proceed with the trial and introduce evidence which is sufficient to make out a case for the plaintiff, a judgment rendered thereon for the plaintiff will not be disturbed on appeal. although the demurrer. to plaintiff's evidence was erroneously overruled.

After the demurrer of the defendants to the plaintiff's petition in this case was overruled, the trial was proceeded with and additional evidence was introduced by both sides, sufficient to make out a case for the plaintiff, and the error, if any. in overruling the demurrer was harmless under the foregoing authority.

The only party who made any defense in this action is the defendant Gernert, who claimed that the note in question was indorsed and transferred to him by Watson on November 15, 1921, and that he was the owner and holder of said note and the owner of the mortgage securing the same at the time Watson attempted, by a separate instrument in writing. to assign said note and mortgage to the plaintiff on December 5,

1921,. This was the issue submitted to the court, a jury having been waived, for determination. Under the facts in this case the note and mortgage were, in the first instance, procured by Watson through fraud, and this having been shown, the burden was upon Gernert to prove that he was an innocent holder for value of said note. The evidence discloses that Gernert is a lawyer, and that he represented Watson at the time he was arrested for disposing of the mortgaged automobile, and represented him in the settlement of the case against him, and there is other evidence tending to show that he had knowledge of all the transactions pertaining to the fraudulent manner in which the note and mortgage were procured by Watson, and there is evidence tending to show that Gernert did not acquire the note until after the assignment thereof was made by Watson to the plaintiff, and that Gernert had knowledge of the same. There is considerable conflict in the evidence and we cannot say, after consideration of the same, that the trial court erred in holding that the defendant failed to sustain the burden of proof.

No prejudicial error is shown to have been committed in the trial of this case, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 383; (2) 4 C. J. p. 1020.