**NORTON et al. v. BEYDLER.**

No. 12645—Opinion Filed July 7, 1925.

1. **Bills and Notes — Defense of Fraud — Holders in Due Course—Instructions.**

In an action to recover upon a promissory note, plaintiff alleged that he was an innocent holder of the note in due course. The defense interposed by the defendant was fraud in the procurement of the note. Held, that where the trial court, in one of its instructions, properly instructed the jury that before the plaintiff could be said to have established himself as a holder of the note in due course, he must sustain the burden of showing, by a preponderance of the evidence, that he obtained the note without notice of the fraud, another instruction which in effect told the jury that if the plaintiff had met the requirements of the burden of proof, elsewhere defined in the instructions, it would be unnecessary to further consider the defense of fraud, did not constitute reversible error in that it misstated the law as to the burden of proof, or gave undue prominence to a particular fact in the case.

2. **Pleading—Variance in Proof—Materialty.**

No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits.

3. **Same—Amendment — Defects Cured by Proof.**

The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts proved, and the judgment of the trial court will not be reversed because of defects or omissions in the petition, when such defects or omissions are supplied by the proofs.

4. **Bills and Notes—Recovery of Interest—Construction of Note.**

The record in the instant case examined, and held, that the trial court committed no error in construing the notes sued on in the case at bar so as to allow interest thereon from maturity, and in sustaining the verdict of the jury in this particular.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by F. M. Beydler against K. A. Norton and E. Davis on promissory notes. Judgment for plaintiff, and defendants appeal. Affirmed.

Webster Wilder, for plaintiffs in error.

Titus & Talbot and Adam S. Garis, for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted by plaintiffs in error K. A. Norton and E. Davis, defendants below, to reverse a judgment of the district court of Alfalfa county, obtained by the defendant in error, F. M. Beydler, who, as plaintiff in said court, had recovered a judgment against plaintiffs

in error on two promissory notes. The action originated before a justice of the peace of Alfalfa county, who rendered a default judgment in favor of the defendant in error on both notes, and the plaintiffs in error duly perfected their appeal to the district court, where, upon trial de novo before the court and a jury, on the 21st day of March, 1921, judgment was again rendered in favor of the defendant in error. Parties will be hereinafter referred to as they appeared in the trial court.

The notes were alleged to have been made payable to J. M. Goodson, and by him, before maturity, in due course indorsed and delivered to the plaintiff. The two notes were for different amounts, one of them signed by the defendant K. A. Norton and the other by the defendant E. Davis, and both made payable to Goodson, but only one trial was had of the two cases, it being stipulated, for the purpose of trial and appeal, that the evidence and the issues were the same in both cases.

The answer of the defendants admitted the execution of the notes sued on, but denied that the plaintiff was a holder of the notes in due course, and pleaded fraud in the procurement of the notes and failure of consideration.

It will be observed that the plaintiff, in his bill of particulars, claimed to be an innocent purchaser of the notes from J. M. Goodson before their maturity. The notes matured on August 1, 1919. It developed at the trial that these notes had in fact been transferred to the plaintiff after maturity; that the notes had been transferred to the Huber Manufacturing Company before they were due, and that the plaintiff obtained them from the Huber Company after they were due. The acquisition of the ownership of the notes by the Huber Company prior to maturity, and its continued ownership thereof for a period of time after maturity, was disclosed by evidence introduced on behalf of the defendants.

After trial and during the argument upon motion for a new trial filed by the defendants, the trial court permitted the plaintiff to amend his bill of particulars to conform to the evidence introduced so as to allege that the Huber Company obtained the notes, before maturity, for a valuable consideration and in due course from the payee, J. M. Goodson, and by it indorsed to the plaintiff.

The first proposition urged by the defendants as ground for reversal is in giving instruction No. 9 to the jury. The instruction complained of is as follows:

"Bearing specifically upon the two cases now about to be submitted to you, I charge you that if you find that the Huber Manufacturing Company was a holder of said notes, or either of them, in due course, as hereinbefore explained in these instructions, you need go no further with the consideration of these cases, or such case as you so find, but your verdict should be for the plaintiff in both cases, or such case as you do so find; but if you fail to so find, that is, that the Huber Mfg. Company was a holder in due course of said notes you must then take up the consideration of the defenses of the defendants in said cases, and if you find from a preponderance of the evidence that the payee, J. M. Goodson, obtained said notes, or either of them, by false or fraudulent representations and without consideration as alleged, and set out in the defendants' answers, your verdict should be for the defendants or such defendant as you do so find."

We think this instruction is a fair statement of the law applicable to the case when the same is considered in connection with instruction No. 6, on the burden of proof. It must be remembered that the defense interposed by the defendants was fraud. Instruction No. 6 told the jury that before the plaintiff could be said to have established himself as a holder of the notes in due course, where fraud was relied on as a defense, he had the burden of showing by the preponderance of the evidence that he obtained the notes without notice of the fraud, and this statement of the law is in harmony with the rule announced by this court in the case of Lambert v. Smith, 53 Okla. 606, 157 Pac. 909, and other later cases.

The instruction criticized simply told the jury that if the plaintiff had met the requirements of the burden of proof imposed on him by instruction No. 6 it would be unnecessary to do the vain and useless thing of again considering the merits of the defense of fraud in the procurement of the note relied on by the defendant. Certainly, if the plaintiff had established himself as a holder in due course under the rule announced in Lambert v. Smith, supra, no one could contend that the jury would be required to consider again the defense interposed by the defendants when such consideration could not affect in any way the result of the trial. We do not think the statement of so plain a proposition of law, in the connection in which it appears in the instructions, unduly emphasized the contention of the plaintiff, or that it tended to mislead the jury by giving undue prominence to a particular fact in the case.

The next proposition relied on is that the

notes sued on in the case at bar were not negotiable, as the result of which the plaintiff's claim that he was the holder in due course cannot be maintained. This contention is without merit. The trial court instructed the jury, in its instruction No. 5, that the notes sued on were negotiable notes and that both parties had agreed thereto, to which no exception was taken by the defendants. If error was committed by the trial court in this particular, it has not been preserved for review, and the objection cannot be raised for the first time in this court on appeal.

It is next contended that the trial court erred by the following statement incorporated in the last portion of its instruction No. 6. The language complained of is as follows:

"* * * In this connection, I further charge you that it appearing from the evidence in these cases that the plaintiff, F. M. Beydler, did not obtain the notes in controversy from the Huber Mfg. Company until after they became due, you will therefore bear in mind that the question as to whether the plaintiff in these cases was a holder in due course will and does depend on the fact as to whether the Huber Mfg. Company was a holder in due course, and if you find that the Huber Mfg. Company was a holder in due course, as described in these instructions, you should find for the plaintiff."

We have already referred to the fact that during the trial, evidence was introduced by the defendants that the notes sued on were acquired by Huber Manufacturing Company from J. M. Goodson before maturity, and that the trial court, at the hearing of a motion for a new trial, permitted the plaintiff to amend his petition to show this fact. By this evidence it was disclosed for the first time at the trial that the Huber Company obtained the notes sued on before maturity, and that it continued to be the owner and holder thereof for a considerable period of time after their maturity. It is not disputed that if the Huber Company obtained the notes for value before maturity, without notice of any defect in the title of the person from whom it purchased the notes, it would be a holder in due course and that the plaintiff, as a purchaser from the Huber Company, would acquire all the latter's rights as against the maker. It thus appears that the title of the plaintiff as a holder in due course of the notes sued on was established by the evidence of the defendants in all respects except the actual transfer of the notes from the Huber Company to the plaintiff. The proof of actual transfer was supplied by the plaintiff without objection on the part of the defendants. There was, therefore, an entire absence of anything from which it could be said that the defendants were misled to their prejudice by the allegations contained in the original bill of particulars of the plaintiff, such as would deprive the trial court of the right under section 313, C. O. S. 1921, to order the amendment which was made at the trial to conform to the evidence thus introduced in the case.

Under the record, as disclosed here, we do not think that the alleged variance between the allegations contained in the original bill of particulars and the proof introduced can be deemed a material variance within the meaning of section 312, C. O. S. 1921, or that the defendants can be heard to urge that they were surprised by the disclosures made at the trial.

It follows, in view of the evidence introduced, that the trial court committed no error in allowing the amendment and in instructing the jury as it did respecting the status of the plaintiff as a holder in due course by transfer from a bona fide holder.

It is finally contended that the judgment of the trial court should be set aside because the jury, by its verdict, assessed interest on the two notes from maturity. Each of the notes contained the following provision:

"* * * Payable at the First State Bank of Carmen, Okla., with interest at the rate of —— % per annum, from 'no' —— until paid, payable annually."

It is insisted that the trial court in allowing interest on the notes from maturity put an interpretation thereon at variance with the plain language of the notes, since from such language it is clear that they should not bear any interest at all. No authorities are cited by the defendants in suppport of their contention.

Bearing in mind that where a loan of money is made, interest is presumed unless otherwise expressly stipulated, and that, in the absence of any contract as to the rate, the legal rate shall control, and bearing in mind that the parties in the instant case must have contemplated that the notes should bear interest, although they failed to fix the exact date from which the interest should begin to accrue, we cannot say that the trial court, whose duty it was under the law to construe the notes, erred in allowing interest on the note from maturity and in sustaining the verdict of the jury in this particular.

If we could, by any known rule of construction, give effect to the word "no" employed by the parties and inserted in the

blank ordinarily reserved for the insertion of the word "date" or "maturity," this court would unhestitatingly do so. The word "no," standing in the connection found, is absolutely without meaning or significance, and in order to arrive at the proper construction, we think should be eliminated entirely. Thus eliminated, we have a provision in the note for interest without fixing either the rate or the date from which the interest should begin to accrue. Under these circumstances in the absence of some express stipulation to the contrary, the note will be regarded as bearing interest at the legal rate and the fact that the court in its judgment found that the notes should bear interest from maturity instead of from date is an error in favor of the defendants, of which they will not be heard to complain.

Finding no error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 1071, §1394; p. 1074, §1395; p. 1075, §1396. (2) 31 Cyc. p. 703. (3) 31 Cyc. p. 448. (4) 8 C. J. p. 1093, §1423. See under (2-3) anno. L. R. A. 1916D, 843; 21 R. C. L. p. 611, et seq.; 3 R. C. L. Supp. p. 1175; 4 R. C. L. Supp. p. 1423, 5 R. C. L. Supp. p. 1166.