## WARD v. COLEMAN.

No. 23585.   Oct. 30, 1934.

Rehearing Denied Jan. 8, 1935.

202

M. F. Hudson and Bascom Coker, for plaintiff in error.

W. T. Williams and J. N. Fortner, for defendant in error.

SWINDALL, J. This action was brought by defendant in error, Mackey Coleman (formerly Mackey Ward), as plaintiff, against Silsainey Ward (formerly Silsainey Johnson), the plaintiff in error herein, as the defendant, in the district court of McCurtain county. We will herein refer to the parties in accordance with their designation in the district court. The trial court treated this action as a suit for a balance due on a judgment, and the parties apparently tried the case and have briefed it on that theory. The amended petition on which the case proceeded to trial sets up that in April, 1928, a former case was filed by the same plaintiff, who was then Mackey Ward, against this defendant, who was then Silsainey Johnson. asking judgment for $50,000 against defendant for the alienation of the affections of plaintiff's husband, Reed Ward; that, prior to the filing of that case, Mackey Ward had obtained judgment against her husband, Reed Ward, for $40 per month separate maintenance and $125 attorney's fee, and, on a cross-petition, the court had refused to grant a divorce to Reed Ward: that, after the filing of the alienation of affections suit, the defendant, Silsainey Johnson, now Ward, proposed, and all the parties agreed upon a settlement by the terms of which Silsainey Johnson was to pay plaintiff the sum of $10,000, for which sum she would consent to have judgment rendered against her in said case; that, as a condition precedent to entry of such judgment by consent and the payment thereof, the plaintiff, Mackey Ward, now Coleman, was to release her judgment against Reed Ward for separate maintenance and attorney's fee, and herself file suit and obtain a divorce from the said Reed Ward; that, in accordance with the terms of said agreement, the plaintiff did file suit for divorce and obtain a divorce from Reed Ward, and did release, and cause to be canceled of record, her judgment against Reed Ward for separate maintenance and attorney's fees, and defendant did go into the district court of McCurtain county, in the alienation of affections suit, and agree to the entry of judgment against her for $10,000, and such judgment was entered on the 7th day of June, 1929, in case No. 6954; that defendant is a full-blood Choctaw Indian, and, as such, her money and property are restricted and not subject to execution; that the Bureau of Indian Affairs authorized the payment of this judgment from her restricted funds and issued its check against this defendant's funds, payable to said defendant to be used in satisfying said judgment, but defendant refused to indorse said check so that it could be used in the payment of said judgment, and would only agree to the payment of $6,000 from her funds on said judgment; that, after a good deal of negotiation, plaintiff and her attorneys of record. on February 7, 1931, accepted payment of $6,000 instead of the full amount of said judgment, which, at that time, amounted to $11,004.35, including the accrued interests and costs, and that, because of defendant's breach of her contract to pay the judgment, plaintiff was damaged in the sum of $5,004.35.

The defendant filed a general demurrer to the petition, which demurrer was over-

ruled, but no exception saved. Defendant's amended answer consists of a general denial and allegations that prior to the institution of this suit the judgment set out in plaintiff's petition was paid in full, and that plaintiff and her attorneys of record had executed in writing a release, discharge, and satisfaction of said judgment, and attached, as an exhibit, a copy of the satisfaction of said judgment, which, on its face, purports to be "in full settlement and satisfaction" of said judgment "for value received," but not naming the specific amount paid thereon. The release is signed and acknowledged by plaintiff before a notary public and is signed by her attorneys of record. Plaintiff's reply was an unverified general denial.

Upon a trial before the court, judgment was rendered for plaintiff for the amount prayed for, and defendant has appealed to this court.

Counsel for defendant in their brief group three assignments of error under their first proposition: (1) Error in overruling defendant's demurrer to plaintiff's amended petition; (2) error in overruling defendant's objection to the introduction of evidence by plaintiff; and (3) error in refusing to dismiss plaintiff's action. All of these objections go to the sufficiency of plaintiff's petition to state a cause of action. At the opening of the trial, when plaintiff offered her first witness, defendant objected to the introduction of any testimony and moved the court to dismiss said cause for six separate reasons, as follows:

"First: That said petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant:

"Second: That said petition does not state facts sufficient to state a cause of action upon a judgment;

"Third: That the amended petition of plaintiff pleads facts and circumstances showing that the original judgment entered in cause No. 6954 was rendered against the defendant, Silsainey Johnson, as the result of fraud and collusion between the said Mackey Ward, W. T. Williams, J. N. Fortner and Silsainey Johnson, and that said petition pleads facts showing that the said Mackey Ward was a partaker in said fraud and collusion; that said judgment so rendered in said cause No. 6954 is the sole and only basis or foundation for this cause of action;

"Fourth: That said amended petition sets forth facts which preclude this court from granting any relief to any of the parties

concerned in said judgment rendered in cause No. 6954, or any of the parties to this action;

"Fifth: That this action cannot be maintained until said written satisfaction and release of said judgment, executed and delivered by the plaintiffs in this cause to the defendant, is canceled by a court of competent jurisdiction;

"Sixth: That the plaintiffs, J. N. Fortner and W. T. Williams, nor either of them, own any interest or right in or to said judgment such as will entitle them to maintain an action thereon."

The trial court overruled the objection and motion as to the third and fifth paragraphs, to which the defendant duly excepted, and the court sustained the objection as to the sixth paragraph. No ruling seems to have been made on the other paragraphs and no exception was taken by the defendant to the failure or refusal of the court to act thereon; therefore, no question of law is presented to this court for review in connection with paragraphs numbered 1, 2, and 4 of the above objection and motion. Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408.

The record discloses that no exception was saved to the overruling of defendant's demurrer to plaintiff's amended petition, and therefore the action of the court in that respect is not subject to review here. Edwards v. Edwards, 108 Okla. 93, 233 P. 477; McKee, v. Dickerson, 122 Okla. 240, 254 P. 57; Todd v. Webb, 134 Okla. 107, 272 P. 380. That leaves for our consideration the ruling of the court on paragraphs 3 and 5 of defendant's objection to the introduction of evidence by the plaintiff.

The substance of defendant's contention is that the former judgment on which this action is based was an agreed judgment, entered pursuant to an agreement between the parties, and that one consideration entering into that agreement was that plaintiff would obtain a divorce from her husband, Reed Ward, before the judgment in the alienation of affections suit was entered; that this part of the consideration being against public policy, not only makes the contract itself unenforceable, but renders the judgment void to the extent that it is no basis for this action.

With this final conclusion we cannot agree. Defendant quotes from Corpus Juris, vol. 34, page 133, sec. 337, as follows:

"A judgment by consent, being regarded as a contract between the parties. must be construed as any other contract. Its opera-

tion and effect must be gathered from the terms used in the agreement."

But in this same section of Corpus Juris, we find the further words:

"But at the same time, as it has the sanction of the court and is entered as its determination of the controversy, it has the same force and effect as any other judgment, and in the absence of fraud or mistake is valid and binding as such, as between the parties thereto and their privies, and is not invalidated by a subsequent failure to perform a condition on which the consent was based, or by the fact that it obligates the parties to do that which they could not make a valid contract to do; and, unless it is vacated or set aside in the manner provided for by law, it stands as a final disposition of the rights of the parties thereto."

In the notes of this same section we find a quotation from the case of Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011, 1013, as follows:

"There is a wide difference between the binding effect of a mere contract and the binding effect of a judgment declaring the contract to be valid. The contract may be invalid, and, therefore, one that the court should not enforce, but if the court has jurisdiction of the parties and the subject-matter, and adjudges that the contract is valid, the judgment is not void, but merely erroneous, and is binding on the parties and their privies until reversed or vacated in the manner provided by the Code."

We believe that this is a correct statement of the law and is a complete answer to defendant's contention. In the case under consideration, the court did not go to the extent of declaring the contract between the parties valid. That contract was apparently not before it for construction. From the record now before us, it appears that one of the three considerations which induced defendant to agree to that judgment was the securing of a divorce by plaintiff. That part of the agreement was, of course, contrary to public policy, and although it be conceded that, notwithstanding the other two valid considerations, this would render invalid and unenforceable the whole contract, yet it would not render void the judgment in the alienation of affections suit. If the defendant had repudiated the contract before judgment was rendered in the alienation of affections suit, had defended on account of illegal consideration, the court had erroneously enforced the contract and the defendant had failed to appeal therefrom, the judgment would then have been valid and not subject to collateral attack. Surely the defendant could not place herself in a stronger position to resist the judgment by agreeing to the entry of the judgment in open court.

A judgment is not void or subject to collateral attack because it is based on a mistake of law or on a pleading which does not state a cause of action, and, although erroneous, it is binding on the parties if unappealed from. Dennis et al. v. Kelley, 81 Okla. 155, 197 P. 442; Fowler et al. v. Marguret Pillsbury General Hospital et al., 102 Okla. 203, 229 P. 442; Savoy Oil Co. v. Emery et al., 137 Okla. 67, 277 P. 1029; National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 P. 1136; American Express Co. v. Mullins, 212 U. S. 311, 53 L. Ed. 525; Bell v. Ford, 68 Okla. 235, 173 P. 524.

The defendant insists that the judgment is void because it was obtained by fraud, but a careful examination of the record discloses that there was no fraud or mutual mistake between the parties. Each of them fully understood the contract, agreed to it, and was in no way deceived, and the record does not disclose that such fraud was practiced on the court as would justify a collateral attack on the judgment in the alienation of affections suit. That suit was not a suit to enforce the contract, as it appears that the contract was entered into after that suit was filed, and the fact that, for a consideration which was in part illegal or contrary to public policy, the defendant agreed to the rendition of a judgment in a pending suit, without a contest, would not constitute such fraud on the court as to render the judgment void and subject to collateral attack. The questions of the validity or invalidity of that contract, and the error or lack of error in the rendition of the judgment in the alienation of affections suit, are not before this court.

Defendant insists that the judgment should be held void because of collusion between the parties. We have examined carefully all the cases cited on this point, and find that they all have reference to contracts entered into by officers of municipal corporations where the rights of taxpayers are involved and are not applicable to the facts in this case.

The defendant further contends that the objection to the introduction of any evidence should have been sustained because the reply, which is a mere general denial, is not verified and therefore admits the execution of the satisfaction and discharge of the judgment, and that no attempt is made by plaintiff to plead failure of consideration for said

satisfaction. Under the circumstances disclosed by this record, it is immaterial that the reply was not verified. There is no issue as to the execution of the satisfaction of judgment pleaded in the answer. Its execution may be considered as admitted by the pleading, and, in addition, such execution is amply established by the evidence. The defendant introduced the instrument in evidence and produced other evidence as to its execution, and thereby waived any defects on account of the lack of verification. Further, such defect could not be taken advantage of by a general objection to the introduction of evidence. Farmers State Bank v. Keen et al., 66 Okla. 62, 167 P. 207; Fort Worth Lead & Zinc Co. v. Robinson et al., 89 Okla. 221, 215 P. 205; Doughty v. Funk, 24 Okla. 312, 103 P. 634; Whitney v. Low et al., 137 Okla. 1, 278 P. 1096; Riverside Oil & Refining Co. v. Swanson, 138 Okla. 47, 279 P. 905; Spaulding et al. v. Thompson, 60 Okla. 136, 159 P. 509; Jones v. Citizens State Bank, 39 Okla. 393, 135 P. 373; Hedlund v. Brogan, 167 Okla. 393, 30 P. (2d) 164.

The contention that plaintiff failed to plead failure of consideration for the execution of the satisfaction of judgment presents a more serious question, and no assistance on that question is furnished by either of the briefs. A rather novel situation is presented, in that there is no indication that plaintiff attempted to plead a failure of consideration, but the petition does set out that the original judgment was for $10,000, and that plaintiff had received only $6,000 toward its satisfaction. We cannot commend the form of pleading, but it cannot be said that the defendant was taken by surprise or was misled by the failure of plaintiff to properly plead the failure of consideration.

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." Norton et al. v. Beydler, 111 Okla. 79, 238 P. 856; Throm v. Hollister, 92 Okla. 233, 219 P. 115.

"The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts proved, and the judgment of the trial court will not be reversed because of defects or omissions in the petition, when such defects or omissions are supplied by the proofs." Norton v. Beydler, supra.

There is very little controversy between the parties as to the facts; both concede that the original judgment was for $10,000 and that only $6,000 was paid on it, and that fact was proven by the testimony of one of the attorneys for plaintiff, who was introduced as a witness on behalf of defendant, and no objection was made or exception saved by defendant when the witness testified that no consideration was paid plaintiff for the execution of the satisfaction except the $6,000 partial payment of the judgment. This court has frequently held that, though there be a variance between the allegations of the pleadings and the facts proved on the trial without objection, yet, if it be a case where an amendment of the pleadings ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance, where no injury is shown to have resulted to the complaining party and the pleading will be treated as amended to conform to the proof. Blumenfeld v. Mann, 126 Okla. 64, 258 P. 918; Sims v. Central State Bank, 56 Okla. 129, 155 P. 878; Barnsdall Nat. Bank v. Dykes, 136 Okla. 226, 277 P. 219; Kaufman v. Boismier, 25 Okla. 252, 105 P. 326; St. Louis & S. F. R. Co. v. Cole, 49 Okla. 1, 149 P. 872; Throm v. Hollister, 92 Okla. 233, 219 P. 115. There can be no doubt from the record in this case that if plaintiff had asked permission to amend the reply to properly plead failure of consideration, the trial court should have granted the permission, and we will consider the pleadings as so amended.

The defendant further contends that the trial court committed error in rendering judgment for the plaintiff for the reason that the satisfaction of judgment offered in evidence shows that plaintiff fully released, satisfied, and discharged the $10,000 judgment, which is the basis of the present suit. Defendant recognizes the general rule that:

"Where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given." I Corpus Juris, 539, sec. 40; Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 P. 333.

But it is insisted that for some unexplained reason the signing of the satisfaction of judgment takes this case out of that general rule, and further that there was a new and additional consideration to support an accord and satisfaction. We believe that the trial judge is correct in his statement that this written release and satisfaction of

206

the judgment, delivered to the defendant or her attorneys upon the payment of the $6,000, has no further force or effect than a receipt in writing. There is no doubt that the plaintiff and her attorneys agreed to accept the $6,000 in full settlement of the $10,000 judgment. The signed satisfaction leaves no doubt of that, but that agreement, without a new and additional consideration, constitutes the very element which brings the case squarely within the above rule. There are reasons for the growth and development of this rule, and there are objections to it, neither of which need be discussed at this time. It is regrettable that parties should have no regard for their solemn agreements, but defendant is in a very unfavorable position to complain about that, as neither of the parties have apparently placed any sanctity on their contracts or felt any moral binding obligations to perform as agreed throughout this entire series of transactions. Moral obligations, fairness, and integrity seem to have had no place in their code of ethics.

Defendant insists that the consent of the defendant to allow the $6,000 to be paid from her restricted funds, held by the United States government by reason of her status as a full-blood Choctaw Indian, furnishes the new and additional consideration necessary to make the settlement binding. So far as the record discloses, the defendant had no other property or funds than these restricted funds with which to pay the judgment on June 7, 1929, when the agreement was made and the judgment was entered for $10,000, and there is no indication that any other funds were contemplated for that purpose. There is nothing in the record to indicate that the status of defendant's property had changed from that time up to February 7, 1931, when the $6,000 was paid, except that the officers or agents of the United States, having control of defendant's restricted funds, had waived or removed the barriers of these restrictions in so far as their use in the payment of this judgment was concerned. The stipulation signed by the parties and introduced in evidence at the trial of this case discloses that three separate checks, dated July 23, 1930, October 23, 1930, and January 5, 1931, were issued by "Indian Office at Muskogee" for $10,000 each for the payment of this judgment, and that on each occasion defendant refused to indorse the check so that it could be used for that purpose, and the checks were returned to the "Indian Office." The issuance of those checks removed all barriers from her restricted funds, in so far

as the payment of the judgment was concerned, and there was nothing left to be done except for defendant to indorse the check and pay the judgment, as she had agreed to do on June 7, 1929. The evidence does not disclose the exact date on which the agreement was reached to settle for $6,000, but it cannot be assumed that it was reached before the last of the $10,000 checks was issued on January 5, 1931. The satisfaction of the judgment was dated about the time the first check was issued in July, 1930, but was not delivered to defendant or her attorneys until February 7, 1931. Inasmuch as the funds had been available for several months to pay the full $10,000, we are unable to find that there was any new or additional consideration furnished by defendant in agreeing to pay $6,000 in 1931 on the same obligation on which she had agreed to pay $10,000 in 1929. Whatever barriers may have existed as to the use of defendant's restricted funds for the payment of said judgment had been removed before the agreement to settle for $6,000 was entered into, and no new or additional consideration can be claimed by way of defendant having assisted in the removal of such barriers. If indeed such claim would ever have been tenable, it could not be maintained after the funds were made available from her restricted money with which to pay the $10,000, as after that only her agreement and willingness to pay was necessary, and she had made that agreement in 1929. If it had appeared that the officers or agents of the United States government, having custody of the restricted funds of defendant, had refused to allow the use of those funds for the payment of any part of said judgment except upon the remission of a part thereof, a very different question would have been presented. We think the facts presented by the record bring this case squarely within the rule above quoted from 1 Corpus Juris, 539.

Defendant also urges that the court erred in overruling defendant's demurrer to plaintiff's evidence. An examination of the record discloses that the court clerk testified as to the existence of the judgment against defendant for $10,000 in favor of plaintiff, identified the record of the judgment introduced in evidence, and further testified that the record showed no payment on the judgment. The plaintiff, called as a witness in her own behalf, testified that she had received $6,000 in payment of the judgment, and from the questions and answers bringing out these facts, we cannot escape the conviction that the evidence

tends to prove, and the inference and conclusion may reasonably and logically be drawn, that nothing else was paid and that the difference between those sums was yet due on the judgment, together with accumulated interest. Those were the essential facts entitling plaintiff to a judgment in a suit on a judgment.

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted." Smith v. Rockett, 79 Okla. 244, 192 P. 691.

"In the trial of a law case, where there is any competent evidence in the record reasonably tending to support the allegations of the pleading of the party offering the evidence, and which would reasonably tend to support a verdict and judgment in favor of such party, a demurrer to such evidence should be overruled." Gould v. Gray, 104 Okla. 225, 230 P. 926; Wallace v. Merfeld et al., 95 Okla. 296, 219 P. 702; Wm. Cameron & Co. v. Henderson, 40 Okla. 648, 140 P. 404; New et al. v. Stout, 98 Okla. 177, 224 P. 519.

Should any doubt whatever exist as to the sufficiency of plaintiff's evidence to establish that nothing had been paid on the judgment except the $6,000, that doubt was removed by the evidence afterwards produced by defendant.

"Where a demurrer to plaintiff's evidence is overruled, although on account of some omission in the testimony it should have been sustained, if thereupon the defendant introduces testimony, and, in so doing, supplies the omission, the error in the ruling on the demurrer is cured; and if, upon all the testimony in the case, the judgment is properly rendered, it will not be disturbed on appeal." Bower-Venus Grain Co. v. Smith, 84 Okla. 105, 204 P. 265; Great American Ins. Co. v. Harrington, 127 Okla. 13, 259 P. 582; Smith v. Cornwell & Chowning Lbr. Co., 101 Okla. 86, 223 P. 154; Stafford et al. v. Bond, 106 Okla. 173, 233 P. 185.

There are decisions of this court too numerous to here set out, supporting all three of the propositions just stated, and we cite here only a few of them.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.