MINTON, Adm'x, v. AMERICAN SURETY CO. OF N. Y.

No. 28192.     Feb. 7, 1939.

W. E. Crowe, for plaintiff in error.

Tomerlin, Chandler, Shelton & Fowler and John W. Swinford, for defendant in error.

DAVISON, J. This action was brought in the district court of Garfield county by the American Surety Company of New York, as plaintiff, against Muriel L. Minton, administratrix of the estate of Roy F. Minton, deceased, to recover for an alleged shortage in the accounts of Roy F. Minton as assistant cashier of the First National Bank of Enid, Okla. The suit is based upon an indemnity contract and a surety bond covering the various employees of the bank, which bond was alleged to have been executed and delivered by the plaintiff surety company on the 15th day of December, 1929.

It was alleged that the plaintiff paid a loss of $1,126.69 which is alleged to have occurred on Minton's account while the bond was in force. Judgment was asked for an additional sum of $149.36 for expense in investigating the alleged shortage.

The defendant answered, denying that deceased was, at the time of his death, indebted to the First National Bank of Enid in any sum whatever, and denied that plaintiff made any competent investigation or examination to ascertain whether or not the deceased was so indebted at the time of his death, and alleged that any payment made by the plaintiff was wholly unauthorized and was made at the plaintiff's own risk and responsibility. It was further alleged that the said bank had admitted to the defendant that the deceased Roy F. Minton was not indebted to it in any sum whatsoever, that the bank had released and relinquished any and all claims against said deceased's estate and his administratrix, and that plaintiff was advised of same or could have been had it made any investigation before its alleged payment. Defendant denied that the bond described in plaintiff's petition was in force and effect at the time of the alleged shortage.

The jury rendered a verdict in favor of the plaintiff in the sum of $1,126.69, and judgment was entered accordingly. The defendant has appealed.

Several assignments of error are presented.

It is contended that there was a material variance between the allegations of the plaintiff's petition and the proof presented.

This contention is based partly upon the fact that the plaintiff's petition declared upon a bond which it executed and delivered on or about the 31st day of December, 1935. It is contended that no such bond was offered in evidence, but that the plaintiff was allowed to put in evidence another and different bond dated October 19, 1933. It is contended that the alleged loss occurred while the latter bond was in effect, and after the former bond had been canceled.

If the bond executed in 1929 was canceled and the bond of 1933 substituted therefor as contended by plaintiff, it merely amounted to a continuation under the terms of the application for insurance entered into by the deceased. Under said application deceased bound himself, heirs, executors, and administrators to hold the American Surety Company of New York harmless:

"* * * and on demand to pay it, any and all loss, costs, damages, charges, counsel fees and expenses which it may sustain or incur, or for which it may become liable, by reason of having executed said bond, or any modification, renewal, continuation, or transfer thereof or through increasing or decreasing the amount thereof; and also against, and upon demand to pay it any and all loss, cost, damage, charges, counsel fees and expenses incurred by it in consequence of executing any other bond or obligation, for me, or any modification, renewal or continuation thereof."

We are unable to see how the variance between the allegations in the petition and the proof as to the particular bonds in question might have misled the defendant to her prejudice in maintaining her defense upon the merits of the case, or would amount to a failure of proof on the part of the plaintiff. The variance would be immaterial. Throm v. Hollister, 92 Okla. 233, 219 P. 115.

There was no real necessity for plaintiff to plead and prove any bond except to show a consideration from the company to Roy Minton for his contract of indemnity. The contract was not denied under oath and was admitted and was in full force and effect at the time the alleged loss occurred. Maryland Casualty Company v. Ballard, 126 Okla. 270, 259 P. 528; Branham v. Fidelity & Deposit Company of Maryland, 4 Fed. 2d 173; Throm v. Hollister, supra.

The defendant further contends that there is a failure of proof of the allegations of the petition, and that the verdict is not sustained by sufficient evidence. It is fur-

ther contended that the verdict and judgment is excessive.

These contentions raise a more serious question for our consideration. In the plaintiff's brief it is stated:

"Neither the contract nor the loss under it were denied by the defendant below, but she pleaded a general denial and estoppel."

And:

"The defendant did not seek to prove a lack of good faith on part of the plaintiff in paying the loss, but on the other hand sought to prove that no loss was sustained by the First National Bank of Enid for which the surety was bound to pay."

We are unable to agree with these contentions.

In the defendant's answer, she denied "generally and specifically each and every allegation, statement, matter and thing in said petition contained which is not hereinafter specifically admitted or explained."

The defendant specifically denied that the said Roy F. Minton at the time of his death was indebted to the First National Bank of Enid in any sum, and further denied that the plaintiff made any competent investigation or examination to ascertain whether or not he was so indebted at the time of his death.

We think the general denial was sufficient to raise the issue of a loss attributable to the acts of the deceased. This was not an affirmative defense and did not have to be specially pleaded. Gulf, C. & S. F. Railway Co. v. Beasley, 67 Okla. 27, 168 P. 200; Texas Pipe Line Company of Oklahoma v. Willis, 172 Okla. 148, 45 P.2d 138. This was one of the things that the plaintiff must prove to sustain its cause of action alleged in its petition. The general denial put in issue every fact pleaded in the petition and testimony thereunder may be introduced which will tend to controvert what the plaintiff is bound in the first instance to prove in order to establish his cause of action. Atchison, T. & S. F. Railway Co. v. Weaver, 173 Okla. 156, 47 P.2d 104.

Defendant further answered, denying that deceased was indebted to the bank in any sum at the time of his death. This was a denial of breach of the indemnity contract and of the conditions of the surety bond given to the bank for its protection against any such a shortage on the part of Minton as here alleged.

Defendant denied that the plaintiff made any proper examination to ascertain whether or not said Minton was indebted to the bank at the time of his death, thus challenging the good faith in the settlement and payment.

Under the provisions of section 9654, O. S. 1931, relating to indemnity, the indemnitee is entitled to recover upon becoming liable, and there is no requirement that such liability shall be judicially determined as a prerequisite to an action upon the indemnifying contract.

"Where liability is clear and defense to a suit to declare the same would be unavailing, the indemnitee may discharge a claim or demand against him and institute action upon indemnity without adjudication as a condition precedent." Anderson v. Reed, 133 Okla. 23, 270 P. 854.

The defendant having denied any shortage in the account of Roy F. Minton and any obligation to the bank arising under the indemnifying contract, the burden of proving such shortage was upon the plaintiff regardless of the settlement with the bank for the alleged loss.

In Vaughn v. Ryan, 97 Okla. 226, 223 P. 344, this court held:

"Where suit is filed to recover the penalty named in an indemnity bond and charging a breach of the conditions thereof, and the principal and sureties answer admitting the execution of the instrument, but denying that the conditions thereof have been violated, the burden of proof is upon the plaintiff to establish the breach of the conditions contained in the instrument, and an instruction that the burden of proof is upon the defendants to show that the conditions of the bond have been performed constitutes reversible error."

And speaking of the instruction of the court to the jury, said:

"First, it placed the burden upon the defendant to show that the terms and conditions of the bond had been complied with, whereas the burden was on the plaintiff when suing upon the bond for the penalty therein fixed to show that its terms had been violated."

Under the requirements and conditions here stated, let us review the testimony introduced and see if same was of such a nature as to show that "liability is clear and a defense to a suit to declare the same would be unavailing," which would warrant the payment by the plaintiff of the alleged shortage without any legal adjudication of such claim, and would entitle it to proceed against the estate of the deceased to recover same.

The testimony shows that in a great

number of instances, irregularities in handling various collections, sales of bonds, and other transactions, there was reflected a small shortage in Minton's account. In a great many instances it appears that Minton took stock or bonds of a customer to be sent to banks in other states for sale. The customer would be given a credit for the face value of the items at the time, and later would be credited with a balance due him, less postage, commission and handling charges. In this connection, the testimony showed that in many instances the customer did not receive the correct balance due him. Where the customer failed to receive proper credit for these small sums, they would be unaccounted for. It was shown that some days Minton's account would be "long" and some days "short." As to these many transactions reflecting small discrepancies in Minton's account or showing small sums unaccounted for, the unrefuted testimony was sufficient to justify the jury in concluding that these amounts were taken and used by Minton.

The plaintiff in error challenges in particular the probative sufficiency of the evidence in connection with one $675 item which is included in the liability merged in the judgment before us.

The misappropriation of this item was accomplished by means of a draft for the amount stated drawn on the Chase National Bank, New York City, N. Y., in which the First National of Enid, Okla., had an account. The draft was payable to one Mary F. Hayes of Garber, Okla., and was charged to her account in the Enid bank at the time it was issued. It was subsequently cashed by the Chase National Bank of New York, apparently having been issued without authority and cashed by means of a forged indorsement, since, according to the testimony of Mrs. Hayes, she knew nothing whatever about the transaction. The actual clerical work in connection with issuing the draft was done by a clerk named West. Roy Minton was identified as the instigator of the transaction by means of an "advice letter" in his handwriting directing that the draft be issued, under authority of which the clerk acted. According to the bank records and the testimony of Mrs. Hayes, the "advice letter" was without authority. The account of Mrs. Hayes was reimbursed by plaintiff in error.

While not complete in every detail, we deem the evidence upon this point sufficient. When in an action at law there is any evidence reasonably tending to support the verdict of a jury upon which judgment was rendered, this court is not authorized to disturb the same for insufficiency of proof.

After a careful examination of the record in this case, we are of the opinion that the cause was fairly tried and that no prejudicial error occurred in the trial court. The judgment is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and CORN, JJ., concur.